## IN THE MATTER OF HARVEY F. PAYTON.

A defendant in an action for deceit, committed upon mesne process, for want of bail, is not entitled to be discharged from jail upon taking the poor debtor's oath.

THIS was an application by Harvey F. Payton for a writ of *habeas corpus*, to relieve him from imprisonment in the Providence county jail, where he stood committed on mesne process, for want of bail, in an action of deceit. He had been admitted to, and taken, the poor debtor's oath, but the jailer, nevertheless, refused to liberate him.

*Thurston, for the applicant*, cited Revised Statutes, Ch. 198, sections 1 and 16; *Thompson v. Berry*, 5 R. I. Rep. 95.

*Payne, for the plaintiff in the action of deceit.*

AMES, C. J.* To bring the applicant within the relief afforded by the first section of Ch. 198 of the Revised Statutes, entitled, "Of the relief of poor debtors," we must decide that a person imprisoned for want of bail, in an action of deceit, is imprisoned for *debt*. This would confound all distinctions between tort and contract; and there is no latitude which we could properly give to the word " debt," that would admit of such a construction.

---

* Mr. Justice Shearman sat with the court, in this case.

The 16th section of the same chapter, which expressly excludes from the benefit of the statute, persons committed on execution, in certain enumerated actions, not including the action of deceit, was passed to put at rest a notion, and practice conforming to it, formerly very prevalent; which was, that no matter what the cause of action, after judgment was obtained in it for damages, the cause of action was merged in the judgment, and, therefore, in the sense of this statute, and for its relief, every person imprisoned on execution issued on such judgment was imprisoned for debt. We have nothing, now, to do with the soundness of this reasoning, but merely to notice it, and to trace to it the origin of this section, applicable, as appears from its terms, only to poor persons committed *on execution*. As the applicant is imprisoned on *mesne* process, it cannot help him. It was designed to limit the operation of the first section by amending it, as it had been construed, and we cannot permit it to widen the operation of that section in a matter to which it does not apply.

As the applicant was not entitled to relief under the poor debtor's act, so far as this cause of action is concerned, the jailer rightfully refused to discharge him from imprisonment; and this application for a writ of *habeas corpus* to the jailer must be dismissed.